SMITH, N.R., Circuit Judge,
dissenting:
Because (1) Petitioner filed an untimely appeal with the BIA; (2) Petitioner waived appealing the reason the BIA refused to accept his original filing, by failing to address it in his opening brief; and (3) the *625 record supports the BIA decision to reject the original filing, I dissent.
1. Petitioner’s Notice of Appeal was untimely.
On May 11, 2004, the IJ ordered Lopez-Vega’s removal. On June 7, 2004, the BIA received Lopez-Vega’s Notice of Appeal. Lopez-Vega failed to provide a complete address in the certificate of service. The “Proof of Service” section in the Notice of Appeal expressly states “if you do not complete this section properly, your appeal will be rejected or dismissed.” As such, the BIA rejected Lopez-Vega’s Notice of Appeal on June 15, 2004. The rejection notice states, in relevant part:
We have returned your appeal and all attachments to you for timely correction of the defect(s). THIS DOES NOT EXTEND THE ORIGINAL STRICT 30-DAY TIME LIMIT within which you must file your appeal....
Your appeal must be RECEIVED at the Clerk’s Office at the Board of Immigration Appeals within the prescribed time limits....
Any corrected appeal submitted after the 30-day time limit should be filed within 15 days of this notice and should include a request that the Board accept the appeal by certification....
Despite these specific instructions, Lopez-Vega (1) did not file his corrected Notice of Appeal until July 8, 2004 (8 days after the required June 30, 2004 date) and (2) did not include a request to accept by certification. Thus, Lopez-Vega did not timely file his Notice of Appeal. These facts are undisputed in the record. Therefore, the petition must be denied.
2. In his opening brief, Lopez-Vega failed to address the reason the BIA rejected his June 7, 2004 filing.
In order to justify his failure to follow the BIA instructions in filing his appeal, Lopez-Vega’s counsel ignores those instructions and instead argues that his failure to include the correct filing fee (with his June 7, 2004 Notice of Appeal that was rejected) was excusable neglect. Lopez-Vega then argues that the original filing date of the Notice of Appeal should apply once the correct filing fee was paid. However, the record reflects that the BIA rejected the appeal, not because of a filing fee error, but because it lacked “the complete address of the Office of the District Counsel you are serving.” Nowhere in Lopez-Vega’s opening brief does he address this issue. Further, nowhere in Lopez-Vega’s opening brief does he explain why he missed the June 30, 2004 filing date. Therefore he waived any challenge to the BIA’s decision to reject his original filing and to dismiss his appeal as untimely. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996) (issues not specifically raised and argued in a party’s opening brief are waived).
3.The record establishes that the June 7, 2004 Notice of Appeal was defective.
Even if Lopez-Vega did not waive the issue regarding the BIA rejection of the original filing of the appeal, the record adequately provides a basis for the BIA’s rejection: (1) the original appeal (filed stamped June 7, 2004) was rejected for its failure to have a complete address of the Office of the District Counsel; (2) the original appeal and all supporting documentation were sent back to Petitioner; and (3) the appeal and supporting documents were re-sent to the BIA and file stamped July 9, 2004 (not June 30 as required) and without the required request for appeal certification. The accuracy of these facts have not been challenged.
On de novo review, the record reflects that (1) the BIA sent the Rejection of *626 Appeal with the original documents to the petitioner, noting the specific deficiency, and (2) Lopez-Vega refiled the application correcting the alleged defect. There is nothing in the record or Lopez-Vega’s opening brief which alleges that the reason set forth in the Rejection of Appeal was inaccurate. Despite the BIA’s instructions on (1) how to timely refile and/or (2) request an appeal by certification, Lopez-Vega failed to do either. Thus, I would hold that the BIA did not err in finding the appeal untimely.
4. We should not raise an ineffective assistance of counsel claim sua sponte.
The majority concludes that it is unfair to punish Lopez-Vega for his counsel’s errors. The majority also lists counsel’s alleged errors in pursuing this appeal. However, even so, there is no precedent for the proposition that this court should sua sponte raise a claim of ineffective assistance of counsel in immigration proceedings. We have recognized that a court should raise sua sponte a claim of ineffective assistance of counsel in criminal cases “if the defendant’s legal representation was so inadequate as obviously to deny him his sixth amendment right to counsel .... ” United States v. Wagner, 834 F.2d 1474, 1482 (9th Cir.1987) (internal citation and quotation marks omitted). However, we have never extended a Sixth Amendment right to counsel to immigration proceedings. See Tawadrus v. Ashcroft, 364 F.3d 1099, 1103 (9th Cir.2004). Therefore, if Lopez-Vega chooses to file an ineffective assistance of counsel claim, the proper procedure is to file a motion to reopen before the BIA. See Liu v. Waters, 55 F.3d 421, 426 (9th Cir.1995) (“Because the BIA is fully competent to address [ineffective assistance of counsel claims], we hold that [the petitioner] must first make a motion to reopen, with new counsel, if necessary, citing ineffective assistance of counsel as his reason for failing to raise the claim earlier.”). In following this proper procedure, the BIA can properly evaluate (1) whether Lopez-Vega’s counsel failed to perform with sufficient competence and (2) whether Lopez-Vega was prejudiced by counsel’s performance. See Ahmed v. Mukasey, 548 F.3d 768, 771 (9th Cir.2008). We should not evaluate those issues here.